ALD-111-E                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4792
_____

IN RE: DIMITRIOS MITCH FATOUROS,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 2:13-cv-04639)
District Judge: Honorable Claire C. Cecchi

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 27, 2013
Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2014)
_____

O P I N I O N
_____

PER CURIAM

　　　　Dimitrios Fatouros petitions this Court for a writ of mandamus directing the

United States District Court for the District of New Jersey to terminate a motion to

dismiss that is pending in the District Court.  For the reasons that follow, we will deny

Fatouros's mandamus petition and accompanying counsel motion.

I.

In July 2013, Fatouros filed a complaint pro se against Emmanuel Lambrakis, Artemios Sorras, and ten John Doe defendants, raising claims of libel, slander, and defamation. Sorras filed a motion to dismiss the complaint, which is pending in the District Court. Thereafter, the District Court ordered Fatouros to file any response to the motion by January 14, 2014.

Fatouros argues that because Sorras is not a United States citizen or resident, has not yet been served with a summons, and failed to provide contact information pursuant to Fed. R. Civ. P. 11(a), we should issue a writ of mandamus requiring the District Court to terminate Sorras's motion to dismiss the complaint. Fatouros has also filed a motion for appointment of counsel.

II.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). Fatouros must demonstrate that "(1) no other adequate means [exist] to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Fatouros cannot make such a showing because he has other adequate means to challenge Sorras's motion to dismiss the complaint. The District Court has not even ruled on the motion; Fatouros can thus raise in response to the motion the same arguments he raises in his mandamus petition. Moreover, Fatouros may seek appellate

2

review if the pending motion to dismiss is ultimately granted. See In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) ("[A] writ of mandamus should not be issued where relief may be obtained through an ordinary appeal."). Thus, mandamus is not appropriate.

Accordingly, because Fatouros cannot demonstrate extraordinary circumstances justifying a writ of mandamus, we will deny his petition. We will deny the motion for appointment of counsel as moot.